UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

DAVID RUSSELL GRIDER,                    )
                                         )
        Plaintiff,                       )
                                         )   Case No. 1:11-CV-11
        v.                               )
                                         )   Collier / Carter
COMMISSIONER OF SOCIAL SECURITY,         )
                                         )
        Defendant.                       )

**M E M O R A N D U M**

Plaintiff David Russell Grider ("Plaintiff") brought this action on January 20, 2011, seeking

judicial review of the final decision of the Commissioner of Social Security ("Defendant") denying

Plaintiff a period of disability, disability insurance benefits, and supplemental security income under

42 U.S.C. §§ 416(i), 423, and 1382. The Court referred the matter to United States Magistrate Judge

William B. Mitchell Carter, pursuant to 28 U.S.C. § 636(b) and in accordance with Fed. R. Civ. P.

72(b) for a report and recommendation ("R&R") regarding the disposition of Plaintiff's motion for

summary judgment (Court File No. 9) and Defendant's motion for summary judgment (Court File

No. 11). The magistrate judge filed an R&R (Court File No. 15) recommending Plaintiff's motion

for summary judgment be denied (Court File No. 9), Defendant's motion for summary judgment be

granted (Court File No. 11), and the Commissioner's decision be affirmed. Plaintiff timely filed an

objection to the R&R (Court File No. 16) and the Government submitted a response. For the

following reasons, the Court **ACCEPTS** and **ADOPTS** the magistrate judge's R&R (Court File No.

15).

I.      **STANDARD OF REVIEW**

This Court must conduct a de novo review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same as the magistrate judge's – review is limited to determining if the Administrative Law Judge's ("ALJ") findings are supported by substantial evidence and if proper legal standards were used. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). "Substantial evidence" means evidence a reasonable mind might accept to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is greater than a scintilla but less than a preponderance. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994); *Brainard*, 889 F.2d at 681.

If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The substantial evidence standard presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999). If the ALJ's decision was not supported by substantial evidence, the Court should typically reverse and remand the case for further administrative proceedings. However, when "the proof of disability is overwhelming or . . . the proof of disability is strong and evidence to the contrary is lacking," the court may reverse the decision and award benefits. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

## II.  DISCUSSION[1]

Plaintiff's sole objection is that "[t]he Report and Recommendation fails to separate expert opinion from observation, and therefore, failed to appreciate that the ALJ decision, is internally inconsistent in such a material aspect as to require remand" (Court File No. 16 at 1). Plaintiff is appealing the ALJ's decision because he asserts it contains statements that are inconsistent and irreconcilable (Court File No. 10). For illustrative purposes, Plaintiff highlighted the following two statements from the ALJ's decision in his motion for summary judgment:

> I gave much consideration to the opinion of Dr. Mullady (as it related to the claimant's lower extremity examination and findings) and Dr. Phillips *and find their opinions very credible. I gave them each persuasive weight as examining sources because their opinions are well-supported by medically acceptable clinical and laboratory diagnostic techniques and consistent with the other substantial evidence in the claimant's case record.* (Social Security Rule 96-2p) . . . ®. 11, emphasis added).
>
> . . .
>
> "'[I] find no support for this opinion and give it little weight.' ®. 13)."

(*Id.* at 10-11).

After considering the record, the broader context behind these statements, and the parties' arguments, the magistrate judge concluded the ALJ's statements were not materially inconsistent. Instead, it was apparent that the ALJ treated different portions of Dr. Mullady's opinion (or "report") differently, and the ALJ clearly explained his reasons for doing so in each respective discussion. The first statement cited above can be found in the section where the ALJ had to determine which, if any,

---

[1] Because Plaintiff does not object to the magistrate judge's basic recitation of the facts, the Court will not repeat them here.

3

of Plaintiff's impairments were "severe." When the ALJ made the aforementioned statement, he clearly noted that he was only referencing the portion of Dr. Mullady's report that pertained to "the claimant's lower extremity examination and findings" (Tr. 11). In the same section, the ALJ also clearly identified the findings that he was adopting from Dr. Mullady's examination.

> As to the claimant's foot injury . . . . I find that impairment to be non-severe because it does not impose any significant limitations on his ability to perform work-related activities. . . . The physical examination showed no peripheral edema. There are no gross joint deformities. Range of motion of all joints is within normal limits. Gait is normal. Muscle strength in all extremities is normal. Grip strength is normal bilaterally, manual dexterity is normal bilaterally.

(Tr. 10).

Although Plaintiff claims the ALJ's first statement is materially inconsistent with his later statement, this Court reaches the same conclusion as the magistrate judge. The second statement was made in the context of the ALJ's RFC determination, which is in a different section of the decision. In the RFC determination, the ALJ again expressly stated what part of Dr. Mullady's report he was referencing by noting, "As to *Mr. Mullady's opinion that the claimant was limited to sedentary work activity*, I find no support for this opinion and give it little weight" (Tr. 13) (emphasis added). As he did for the earlier statement, the ALJ provided a clear explanation in support of his decision. In particular, he explained that Dr. Mullady's examination, which indicated Plaintiff was performing in the normal limits, was inconsistent with his later opinion about Plaintiff's functional limitations (Tr. 13-14). After considering this inconsistency along with other evidence in the record--including Plaintiff's own testimony and a state agency physician's opinion that Plaintiff could perform light work--the ALJ made an RFC determination that Plaintiff could perform light work (Tr. 13-14, 450).

Plaintiff objects to the R&R because he claims the magistrate judge did not consider that the ALJ failed to distinguish whether he was crediting Dr. Mullady's expert "opinion" or his "findings

4

on objective examination" (Court File No. 16 at 3-4). Admittedly, the ALJ used the term "opinion" to reference both Dr. Mullady's examination findings as well as Dr. Mullady's opinion on Plaintiff's functional limitations, which were contained in the same report. With that said, this Court disagrees that the ALJ's usage of the word "opinion" rendered the ALJ's decision incomprehensible such that remand is necessary. In each discussion where the ALJ used the term "opinion" to reference parts of Dr. Mullady's report, the ALJ also provided a clear explanation and citation to identify what part of the report he was referencing, along with multiple reasons in support of his decision. These measures addressed any ambiguity, to the extent there was any, and ensured the decision was "understandable" as required by 42 U.S.C. § 405(b)(1).

Accordingly, this Court agrees with the magistrate judge's conclusion that the ALJ's decision is not internally inconsistent in such a material aspect as to require remand.[2]

## III.    CONCLUSION

For the foregoing reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 15). The Court will **DENY** Plaintiff's motion for summary judgment (Court File No. 9), **GRANT** Defendant's motion for summary judgment (Court File No. 11), and **AFFIRM** the Commissioner's decision.

An Order shall enter.

---

[2] As noted by the Commissioner, Plaintiff's only argument was that the ALJ's decision was internally inconsistent and required remand. Thus, any other issues are waived. *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006). With that said, even if Plaintiff is attempting to implicitly argue that the ALJ's decision is not supported by substantial evidence, this Court agrees with the magistrate judge's conclusion that the ALJ's decision is supported by substantial evidence for all the reasons already noted.

5

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

6